UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Crim. No.  23cr10028-FDS |
| ) | |
| **HENRY DEL RIO,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

### SENTENCING MEMORANDUM

On December 8, 2022, Henry Del Rio ("Defendant"), along with his fellow East Side Money Gang ("ESMG") member Jose Perez, Jr. ("Perez"), fled from the Lexington Police in Defendant's SUV before hitting another vehicle and crashing.  At the time of these actions, Defendant was on supervised release for multiple federal felony convictions (including drug and firearms convictions) arising from a prior ESMG-related case in which Perez had also been a defendant.  Defendant and Perez fled from the police because they had a loaded, stolen handgun and three bags of drugs packaged for distribution – including fentanyl, cocaine, and cocaine base.  Within approximately 18 months of the commencement of his federal supervised release, after serving a 5-year federal sentence, Defendant was again committing serious federal crimes.

This Court has already sentenced Perez to 142 months of incarceration to be followed by supervised release.  Perez, like Defendant, was on federal supervised release at the time of the crime and his sentence included penalties for the supervised release violation.  Unlike Defendant, Perez went to trial (Defendant agreed to plead guilty early in the case), has a higher criminal history category, was the driver of the SUV, and actually possessed the loaded handgun.  These

1

factors, along with the other circumstances of the case, support a lower sentence for Defendant than Perez. The government recommends a sentence of 78 months' incarceration (which includes incarceration for Defendant's supervised release violation), 36 months of supervised release, the mandatory special assessment, and forfeiture of the firearms, ammunition and money seized during the arrest of Defendant and his co-defendant Perez.

Defendant's continued dangerous criminal activities, along with his extensive criminal history and consistent disregard for the law, mandate the recommended sentence, which is sufficient but not greater than necessary to achieve the goals of sentencing. The proposed sentence also aligns with the sentence imposed on Perez.

I. **STATEMENT OF FACTS**

On or about December 8, 2022, at approximately 10:49 p.m., Lexington Police Department ("LPD") officers observed a black Ford Explorer (the "Explorer") travelling at a high rate of speed in Lexington, Massachusetts.[1] It was later determined that Perez was driving the Explorer and Defendant was the sole passenger. The Explorer was determined to have been leased by Del Rio. Officers attempted to stop the speeding Explorer and activated their emergency overhead lights and sirens. The Explorer accelerated and engaged in a high-speed flight, during which the Explorer was traveling faster than 85 miles per hour on residential streets.

LPD officers observed the Explorer appear to lose control and strike a Prius, which had at least one individual in it. The Explorer then crashed into a fence/post and came to a stop at the edge of a Stop and Shop parking lot. Following the crash, an LPD officer observed both

---

[1] The facts are set forth in the PSR at Paragraphs 10-19.

Defendant and Del Rio exit the vehicle. Defendant exited from the drivers' door. As Defendant exited, the officer observed an object drop to the ground near the drivers' side door. The object was subsequently identified as a loaded Glock 43X 9mm semiautomatic handgun with nine bullets in the magazine and one in the chamber. The firearm had been reported stolen in February 2022.

Defendant and Perez fled on foot and were chased by officers. A pursuing officer observed the two actively reaching into their pockets as they ran, and observed both trying to get over a fence near the apartment complex. The officer was able to stop and arrest Perez. Defendant continued to flee.

Officers apprehended Defendant shortly thereafter. When officers searched an area consistent with Defendant's flight path, they found two plastic baggies consistent with having been discarded by Defendant. One baggie contained a whiteish substance that was packaged in smaller plastic twists, consistent with being packaged for street-level distribution. This baggie weighed approximately 63 grams and was subsequently tested at a laboratory and found to contain cocaine. The second baggie also held smaller plastic twists – again, consistent with street-level distribution – with a brownish substance in them. This baggie weighed approximately 53 grams and was subsequently tested at a laboratory and found to contain fentanyl.

Officers recovered a third baggie from the Explorer's central console/cup holder area, which was accessible by both Defendant and Perez. Like the other two baggies found in Defendant's flight path, this third baggie contained smaller twists with the whitish substance in them – consistent with packaging for distribution. The baggie weighed approximately 49 grams

and was subsequently tested at a laboratory and found to contain cocaine.

When Perez was searched pursuant to his arrest, officers recovered approximately $2,139 in cash on his person. Del Rio had approximately $690 in cash on his person.

## II. ADVISORY SENTENCING GUIDELINES

Defendant is a Criminal History Category IV. *See* PSR at ¶¶ 42-44.

As argued before this Court in the prior sentencing of Perez, the government respectfully submits that, per DOJ policy treating cocaine base as powder cocaine for the purposes of sentencing, the total converted drug weight of the cocaine should be treated as approximately 91.4 grams of powder cocaine which results in a converted drug weight of approximately 18.28 kg of marijuana. Given this reduction, the government submits that the total converted drug weight is less than 400 kgs of marijuana and equates to an offense level 24. USSG §§ 2D1.1(c)(8). With two-level enhancement for the possession of a dangerous weapon, *see id.* ¶ 26, the government believes that the appropriate total offense level is 26.

Defendant accepted responsibility and therefore should be granted a 3-level downward adjustment. *Id*. at ¶¶ 32-33. The resulting total offense level is 23. Therefore, the government believes that the appropriate Sentencing Guidelines range for the present case is 70-87 months. Per Probation, Defendant's supervised release violation has a Guidelines range of incarceration of 24-30 months. The government proposes a total sentence of 78 months of incarceration.

## III. ARGUMENT

The dangerous and recidivist nature of Defendant's offense cannot be overstated. Within approximately 18 months of being placed on supervised release in connection with his conviction for multiple federal felonies (including a drug conviction and a firearm conviction),

4

Defendant was back dealing drugs (including fentanyl, cocaine base and cocaine) with a fellow East Side Money Gang member and doing so with a loaded firearm. Their actions were dangerous in and of themselves, and they compounded the danger by recklessly fleeing from the police before crashing into another occupied vehicle. These actions endangered not only the specific people involved in his drug trafficking activities, but also innocent individuals. It is only by sheer luck that no one – including the driver of the Prius into which Defendant crashed at a speed of approximately 80 miles per hour – was injured or killed.

Defendant's criminal history and past conduct evidences a pattern of criminal recidivism involving dangerous activities, especially illegal firearms possession and drug dealing. *See* PSR at ¶¶ 36-41. Beginning with minor violations stating at the age of 14, Defendant committed gun crimes at the ages of 16 and 19 before graduating to federal convictions in 2016 for RICO conspiracy (tied to the East Side Money Gang), trafficking controlled substances (including heroin) and possession of a firearm with an obliterated serial number. In this case, Defendant's criminal conduct again involved gang-related drug trafficking and the illegal possession of a firearm – compounded by the dangerous flight from the police.

Defendant's prior sentences and his recent term of supervised release did nothing to deter him from gang-related, dangerous crimes. A serious message must be sent to Defendant and others similarly situated that continuing to commit serious crimes – let alone while on federal supervised release – is unacceptable. He and others tempted to illegally possess dangerous weapons must understand that any involvement will have immediate and harsh consequences.

As noted above, Defendant's co-defendant Perez was the driver of the vehicle and physically possessed the firearm. As such, he played a more active role in some of the

dangerous elements of this case. He also chose to go to trial rather than agree to plead guilty like Defendant. Given these differences, the government believes that its proposed sentence of 78 months' incarceration is appropriate in comparison to Perez's sentence of 142 months. The 78-month sentence reflects a low-end Guidelines range (70 months) plus 8 months for the supervised release violation (which has a range of 24 to 30 months).

## CONCLUSION

For the foregoing reasons, and the reasons to be offered at the sentencing hearing, the government respectfully requests that the Court impose a sentence of incarceration of 78 months, to be followed by 3 years of supervised release, a $100 mandatory special assessment, and forfeiture. The government's requested sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense and history and characteristics of Defendant, promote respect for the law, provide just punishment, and afford adequate deterrence.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Date: January 24, 2025

By: */s/ Michael J. Crowley*
MICHAEL CROWLEY
SARAH HOEFLE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    I, Michael J. Crowley, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                  */s/ Michael J. Crowley*
                                                  MICHAEL J. CROWLEY
                                                  Assistant U.S. Attorney