UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NOs.: 23-cr-10028-FDS |
| ) | 15-cr-10256-FDS |
| HENRY DEL-RIO, ) | |
| Defendant. ) | |

**SENTENCING MEMORANDUM
IN SUPPORT OF HENRY DEL-RIO**

Defendant Henry Del-Rio respectfully submits this brief memorandum in advance of the sentencing hearing scheduled for Thursday, February 20, 2025, at 2:00 p.m. and in support of the following sentencing recommendation: **72 months' incarceration**, followed by a three-year term of supervised release.

The government's sentencing recommendation of 78 months' incarceration is thoughtful and well-considered. Gov't Sent. Mem., D.E. 161, 1/24/2025. However, Mr. Del-Rio suggests the government's recommendation may result in a sentence greater than necessary to fulfill the purposes of punishment, and that the Court, guided by the parsimony principle, may find a shorter sentence appropriate.

**Argument**

In addition to the reasons marshaled by the government in favor of its sentencing recommendation, Mr. Del-Rio deserves additional consideration because of his youth, *see* PSR ¶105(a) (*citing* USSG §5H1.1), and because his record on supervised release shows positive signs of amenability to rehabilitation.

As the government has noted, Mr. Del-Rio accepted responsibility for his conduct, which distinguishes his case from that of his co-defendant, Jose Perez, who was sentenced to 142 months' imprisonment in December.  The more important distinguishing factor, however, is the difference in the nature of their conduct: it was Mr. Perez, and not Mr. Del-Rio, who forced police to engage in a dangerous high-speed pursuit; it was Mr. Perez, not Mr. Del-Rio, who physically possessed a loaded firearm.

The government also bases its sentence recommendation partly on a view that the guideline range is too high because it hinges on the differential between crack and powder cocaine, which many observers believe is unwarranted. In the Presentence Report, Probation calculates the aggregate drug quantity attributable to the Mr. Del-Rio as 410.1 kilograms, which is just within the 400 to 700 kilogram range which corresponds to an offense level of 26.   PSR 25. As the government notes, this calculation depends on the difference in treatment between crack and powder cocaine.  Gov't Sent. Mem., D.E. 161, at 4.   Without this differential, the drug quantity for which Mr. Del-Rio's is responsible would be below the 400 kilogram threshold, and the starting offense level would be 24 rather than 26.

Mr. Del-Rio is in Criminal History Category IV.  OL 23/CHC IV corresponds to a sentencing range of 70 to 87 months.  (Probation's otherwise correctly derived range is 84 to 105 months.)

The government advocates for a low-end sentence, using this guideline range as its guide, and suggesting an 8 additional months is an appropriate incremental increase for the separate offense of having violated the terms of his supervised release.

As noted above, Mr. Del-Rio submits a shorter sentence may be warranted due to Mr. Del-Rio's age at the time of his offense and his prior offenses, as well as strong evidence of amenability to rehabilitation.

The Sentencing Commission issued a substantially revised policy statement on age with the current edition of the Guidelines.  *See* USSG §5H1.1 (2024).  The policy statement now provides:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.
>
> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

*See* USSG §5H1.1 (2024).

Mr. Del-Rio's father was incarcerated when he was small, a traumatic event for him which, combined with poverty and other factors, made him highly susceptible to the temptations of gang involvement.  PSR ¶¶ 52-53, 59.  After his release from prison, Mr. Del-Rio's adjustment to supervised release was not altogether negative, despite the disastrous decisions that led to the present case.   He engaged in drug treatment and psychotherapy.  PSR ¶¶ 68-69. He worked consistently for many months at Town Faire Tire.   After he was the victim of a shooting attempt, he believes based on his prior high profile gang involvement,  Mr. Del-Rio moved in with his

father. He worked at a Town Faire Tire location with his father, who appeared to have reoriented his life in a positive direction. At the time of his arrest, Mr. Del-Rio had stopped working so as to participate in a full-time vocational program at the New England Tractor Trailer Training School, where he trained to become an HVAC technician. He had almost completed the program. PSR ¶¶ 83-84. See also Amended Violation Report, Part D., Summary of Supervision, at 5, 9/13/2024.

These positive factors suggest a somewhat shorter incarcerative sentence than the government has suggested will be sufficient to fulfill the purposes of punishment and allow Mr. Del-Rio to capitalize on these positive attributes upon his release.

## CONCLUSION

For the foregoing reasons, Mr. Del-Rio requests the Court impose a sentence of 72 months' incarceration and three-year term of supervised release as punishment for the above-captioned new criminal case and related supervised release violation.

HENRY DEL-RIO,
By his attorney:

*/s/ Ian Gold*
Ian Gold
B.B.O. # 665948
Law Office of Ian Gold
185 Devonshire Street, Suite 302
Boston, MA 02110

## CERTIFICATE OF SERVICE

I, Ian Gold, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on Feb. 18, 2025.

*/s/ Ian Gold*